PER CURIAM.
Appellants Errol Brown and Darron Cromer were jointly tried and convicted. The jury found both defendants guilty of burglary with a dangerous weapon and two counts each of false imprisonment with a *1048 weapon. In addition, Brown was found guilty of the reduced charge of robbery without a weapon. Cromer was also convicted of armed robbery and unlawful possession of a firearm. Brown was sentenced within the guidelines to fifteen years imprisonment as to each count, to be served concurrently. With respect to Cromer, the trial court departed from the sentencing guidelines and sentenced Cromer to two thirty-year terms of imprisonment with three year minimum mandato-ries for the burglary with a dangerous weapon count and the armed robbery count, in addition to three fifteen-year terms for the remaining counts, all to be served concurrently.
Appellant Cromer contends the trial judge failed to provide clear and convincing reasons to depart from the presumptively correct guidelines sentences. We disagree. The trial judge in his sentencing order provided six clear and convincing reasons, bolstered by ample authority and the facts of the case which, when considered collectively, support the upward departure. Fla.R. Crim.P. 3.701(d)(ll).
Appellant Brown raises several issues on appeal. First, Brown contends that the precepts of State v. Neil, 457 So.2d 481 (Fla.1984), were violated by the state’s striking of some black jurors. Second, he argues that a discovery violation was committed by the state in allegedly failing to provide evidence to be introduced at trial and that the court erred in allegedly not holding a Richardson[1] hearing. Finally, Brown questions the sufficiency of the evidence to support the false imprisonment charges and the correctness of the instructions given to the jury.
Having carefully considered the points Brown raises on appeal in light of the entire record, the briefs and arguments of counsel, and the controlling principles of law, we conclude that no reversible error has been demonstrated, and that no error was committed which injuriously affected any substantial rights of the appellant.
The judgments and sentences under review are affirmed.
Affirmed.

. Richardson v. State, 246 So.2d 771 (Fla.1971).